GREGORY S. GLAZER, Bar No. 172197
gglazer@chklawyers.com
ROBERT R. FLEMER, Bar No. 228946
rflemer@chklawyers.com
CURIALE HIRSCHFELD KRAEMER LLP
233 Wilshire Boulevard, Suite 600
Santa Monica, CA 90401
Telephone: (310) 255-0705
Facsimile: (310) 255-0986

ERIC H. RUMBAUGH, (*pro hac vice*)
Wisconsin Bar No. 1036104
ehrumbaugh@michaelbest.com
AMY O. BRUCHS (*pro hac vice*)
Wisconsin Bar No. 1021530
aobruchs@michaelbest.com
MICHAEL BEST & FRIEDRICH LLP
100 E. Wisconsin Ave., Suite 3300
Milwaukee, WI 53202-4108
Telephone: (414) 271-6560
Facsimile: (414) 277-0656

Attorneys for Plaintiff ROADRUNNER
TRANSPORTATION SERVICES, INC.

JAMES T. JACKSON, Bar No. 153587
jjackson@mrjlaw.net
JENNIFER L. McCLAIN, Bar No. 255834
jennifer@mrjlaw.net
MERHAB ROBINSON & JACKSON P.C.
1551 N. Tustin Avenue, Suite 910
Santa Ana, CA 92705-8639
Telephone: (714)972-2333
Facsmile: (714)972-2296

Attorneys for Defendant
JOHN TARWATER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER TRANSPORTATION SERVICES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> JOHN TARWATER, and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. SACV 10-1534-AG (MLGx) <br><br> **STIPULATED PROTECTIVE ORDER** |

Upon stipulation of counsel for the Parties, and it appearing to the Court that a Protective Order under Rule 26(c) of the Federal Rules of Civil Procedure is necessary and appropriate and will facilitate discovery,

IT IS HEREBY ORDERED THAT:

1. Any Party producing material or information in this matter ("Producing Party") may designate such material or information as "Confidential" or "Attorney's Eyes Only" in which case such material or information shall be treated in accordance with the terms of this Protective Order.

2. The term "Confidential" may be applied only to material or information not known to the general public that is produced in this litigation by a Producing Party to any other Party ("Receiving Party"), that is: (a) financial information such as margins, revenues, costs, etc.; (b) pricing plans and strategies; (c) information related to customers or prospective customers, including customer lists and reports and documents that reveal a customer's identity, (d) third-party agreements and the terms thereof; (e) research and development information; (f) business plans and methods; (g) personnel information regarding employees and prospective employees; and (h) information that the Producing Party is obligated to treat as confidential by law or contract.

3. The term "Attorney's Eyes Only" may be applied only to: (a) mathematical algorithms, including software code; (b) passwords; (c) pending or abandoned patent applications; (d) information regarding future products and past and future business strategies; (e) trade secrets, including but not limited to product formulations and manufacturing processes; (f) any Confidential Information that is particularly sensitive commercial or proprietary information within meaning of Federal Rule of Civil Procedure 26(c)(1) and which the Producing Party reasonably believes cannot be produced between competitors, even with the label "Confidential

Information"; and (g) information that must be limited to the eyes of attorneys only, as a result of law or third party contract.

4. Any document or portion thereof that a Producing Party believes to contain Confidential or Attorney's Eyes Only information shall be so designated by stamping or otherwise applying on each page containing Confidential or Attorney's Eyes Only information the designation "Confidential" or "Attorney's Eyes Only," or by identifying the information as "Confidential" or "Attorney's Eyes Only" when producing documents electronically, in which case such designated document and the information contained therein shall be treated in accordance with the terms of this Protective Order. This Protective Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords extends only to the specific information or items that are entitled to protection under the applicable legal principles for treatment as confidential. By designating material as Confidential Information, counsel producing such material is certifying to the Court that the material is entitled to confidentiality protection under Fed. R. Civ. P. 26 and the terms of this Protective Order. If any Party wishes to remove the Attorney's Eyes Only designation, counsel shall meet and confer in good faith regarding same. If counsel are unable to agree, they shall refer the matter to the Court for resolution.

5. All Confidential or Attorney's Eyes Only information not reduced to documentary, tangible, or physical form or which cannot be conveniently designated pursuant to Paragraph 4 shall be designated by the Producing Party by informing all Receiving Parties in writing.

6. All Qualified Persons shall have access to Confidential Information as set forth herein. "Qualified Person," as used herein, is limited to the following categories of persons:

a. any attorney appearing of record or of counsel in this case, other than in-house counsel, together with other attorneys at the firm(s) of counsel of record,

and their employees including paralegal, secretarial, photocopying, document imaging, data entry, data processing, drafting, graphics, stenographic reporting, or clerical personnel;

b. subject to the conditions set forth in paragraphs 10 and 11, any independent technical or financial expert, independent consultant, or independent testing personnel and their employees serving any attorneys identified in Paragraph 6(a) for the purposes of this case, who shall first have executed the UNDERTAKING annexed hereto as Exhibit A;

c. any independent paralegal, secretarial, photocopying, document imaging, data entry, data processing, drafting, graphics, stenographic reporting or clerical personnel serving such attorneys identified in Paragraph 6(a) for the purposes of this case;

d. any court reporter or videographer employed or retained by a party for the purposes of transcribing and/or recording a deposition or inspection of premises;

e. the Court and its personnel;

f. any person indicated on the face of a document as having written or received such document during the course of his or her employment or consultancy; and, at trial or deposition, any current or former employee of the Producing Party ("Witness"), provided that the Producing Party's document was written or received prior to or during the Witness's period of employment;

g. non-technical jury or trial consulting services retained by outside counsel, who shall first have executed the UNDERTAKING annexed hereto as Exhibit A ; and

h. the named parties and their employees.

7. No other person shall become a Qualified Person without prior leave of Court or prior written consent of the Producing Party. Documents, testimony or

4

information designated by a Producing Party as "Confidential information" may be disclosed and copies may be provided by the Receiving Party only to Qualified Persons as specified in paragraph 6(a) through (h), shall be retained by them in strictest confidence, shall only be used for the purpose of preparation for and trial of this action (including appeals), and shall not be disclosed to any person not specified in paragraph 6 without the prior written consent of the Producing Party or of the Court. All Confidential information obtained by a Qualified Person shall be carefully maintained so as to preclude access by anyone who is not a Qualified Person.

8. Documents, testimony or information designated by a Producing Party as "Attorney's Eyes Only" may be disclosed and copies may be provided by the Receiving Party only to Qualified Persons as specified in paragraph 6(a) through (g), shall be retained by them in strictest confidence, shall only be used for the purpose of preparation for and trial of this action (including appeals), and shall not be disclosed to any person not specified in paragraph 6(a) through (g) without the prior written consent of the Producing Party or of the Court. All Attorney's Eyes Only information obtained by a Qualified Person under paragraph 6(a) through (g) shall be carefully maintained so as to preclude access by anyone who is not a Qualified Person under paragraph 6(a) through (g).

9. Except as otherwise agreed to by the parties, Confidential or Attorney's Eyes Only information may not be used in, or to form the basis for, any other proceeding or litigation. However, if such information is obtained independently it may be used for any reason in any future proceeding or litigation. Confidential or Attorney's Eyes Only information may be disclosed in response to a lawful subpoena issued in connection with grand jury proceedings, other criminal proceedings, or in civil proceedings, but only if notice and a copy of the subpoena are provided to the Producing Party by facsimile transmission or overnight mail at

5

least five (5) business days in advance of such anticipated disclosure or, if the subpoena requires production of such documents in less than five days, as soon as reasonably possible.  Should the person seeking access to Confidential or Attorney's Eyes Only information take action against the Receiving Party or anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal process, the Receiving Party shall respond, at a minimum, by setting forth the existence of this Protective Order.  Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of Confidential or Attorney's Eyes Only information covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

10. All Qualified Persons, other than those designated in paragraphs 6(a), (c), (d), (e), and (f), shall be given a copy of this Protective Order prior to being shown any Confidential or Attorney's Eyes Only information.  Each such person, prior to having access to said Confidential or Attorney's Eyes Only information, shall execute the UNDERTAKING annexed hereto as EXHIBIT A and thereby agree not to disclose any Confidential or Attorney's Eyes Only information to anyone who is not a Qualified Person, shall agree not to make use of any such Confidential or Attorney's Eyes Only information other than for the purposes of this litigation, and shall agree to be subject to the jurisdiction of the United States District Court for the Central District of California with respect to any issue arising out of this Protective Order.

11. Before Confidential or Attorney's Eyes Only information is disclosed to any proposed Qualified Person identified in Paragraphs 6(b) or (g), the Party seeking to disclose that information shall notify all Producing Parties in writing of the identity of the proposed Qualified Person and provide the proposed Qualified

6

Person's executed UNDERTAKING and curriculum vitae by facsimile.  No Confidential or Attorney's Eyes Only information may be shown to any proposed Qualified Person under 6(b) or (g) so identified for four (4) business days following receipt by all Producing Parties of such notice.  If a Producing Party objects to disclosure of Confidential or Attorney's Eyes Only information to that proposed Qualified Person within that four (4) business day period, for reasonable cause set forth in writing, the parties shall thereafter attempt in good faith to resolve the objection.  Should the parties be unable to resolve the objection, the objecting party shall file a motion for an Order that access to Confidential or Attorney's Eyes Only information be denied to such proposed Qualified Person.  Failure to file a motion within five (5) business days after such Producing Party's receipt of the notification of the objection shall be deemed approval, and such proposed Qualified Person shall thereafter be qualified to have access to the Confidential or Attorney's Eyes Only information pursuant to the terms and conditions of this Protective Order.  The proposing party shall not disclose any Confidential or Attorney's Eyes Only information to proposed Qualified Persons during the period for objection nor during the pendency of any motion filed in accordance with this paragraph.  No Party shall use its right to object to a proposed Qualified Person to interfere with the ability of the other Party to reasonably prepare for trial, and consent to the disclosure of information to proposed Qualified Persons shall not unreasonably be withheld.

12. In the event that counsel for a Party deems it necessary to disclose any Confidential or Attorney's Eyes Only information of a Producing Party to any person not specified as a Qualified Person, said counsel shall notify counsel for the Producing Party in writing of (a) the information or documents to be disclosed, (b) the person(s) to whom such disclosure is to be made, and (c) the reason(s) for such disclosure, and shall attempt to reach agreement regarding such disclosure.  If

7

agreement cannot be reached, the Party wishing to make such disclosure shall file an appropriate motion with the Court. In the event of such motion, the Court shall rule as to whether such disclosure may be made at all and, if so, whether any restriction or limitation shall be placed on such disclosure.

13. Should any Confidential or Attorney's Eyes Only information be disclosed, through inadvertence or otherwise, to any person not authorized pursuant to the terms of this Protective Order, the disclosing party shall (a) use its best efforts to obtain the return of any such Confidential or Attorney's Eyes Only information; (b) promptly inform such person of all provisions of this Protective Order; (c) identify such person immediately in writing to the Party or third party that designated the Confidential or Attorney's Eyes Only information; and (d) request such person to sign an UNDERTAKING in the form attached hereto as EXHIBIT A. The executed UNDERTAKING shall promptly be served upon counsel of record for the Party or upon the third party that designated the Confidential or Attorney's Eyes Only information. Execution of an UNDERTAKING under such circumstances shall in no way serve to convert the person signing such UNDERTAKING into a Qualified Person.

14. Counsel for a Producing Party may redact specific material which the Producing Party believes, in good faith, is subject to the attorney-client privilege, work product immunity, or other legally cognizable privilege or immunity. Counsel for a Producing Party may also redact information which would qualify for protection as Attorneys Eyes Only confidential, but which is irrelevant to any issue in this case and not reasonably calculated to lead to the discovery of relevant evidence. The deletion of all material redacted shall be clearly indicated by visibly marking the document with the word "REDACTED" or with a solid black line where material has been deleted. Both parties reserve the right to challenge any redactions made by the Producing Party.

8

15. All documents of any nature that are filed with the Court for any purpose and that contain Confidential or Attorney's Eyes Only information shall be filed in sealed envelopes or other sealed containers that are marked with the caption of the litigation, that identify each document and thing contained therein and that bear a statement substantially in the following form:

FILED UNDER SEAL
CONTAINS CONFIDENTIAL INFORMATION
SUBJECT TO A PROTECTIVE ORDER
This envelope contains Confidential information
and is not to be opened, nor the contents thereof
displayed or revealed, except by order of the Court.

or

FILED UNDER SEAL
CONTAINS CONFIDENTIAL INFORMATION – ATTORNEY'S EYES ONLY
SUBJECT TO A PROTECTIVE ORDER
This envelope contains Confidential information
and is not to be opened, nor the contents thereof
displayed or revealed, except by order of the Court.

16. With respect to any deposition or testimony, a Party may designate as "Confidential" or "Attorney Eyes Only," those portions of a transcript (including exhibits) that the Party believes in good faith merit protection under this Protective Order by any one of the following means:

(a) Stating orally on the record of a deposition what portion of information, exhibits, or testimony is to be so designated; or

(b) Sending written notice to the opposing Party and the court reporter within fourteen calendar days of service of the deposition transcript (or of notification by the court reporter that the transcript is available) designating those portions of the transcript to be so designated.

17. Nothing in this Protective Order shall preclude any party representative(s), including but not limited to persons identified under Paragraph 6 of this Protective Order, from either side from attending a deposition. If and when any Confidential and/or Attorneys Eyes Only information is disclosed in deposition, and provided that such party representative(s) do not have authority to view such information under this Protective Order, the party representative shall leave the deposition for as long as the Confidential and/or Attorneys Eyes Only information is being discussed.

18. If Confidential or Attorney's Eyes Only information is to be the subject of examination in deposition of a non-party witness who is not a Qualified Person, the following procedures shall apply. Confidential or Attorney's Eyes Only information shall not be provided to any such person without the Producing Party's prior written consent or oral consent during a deposition on the record, or without permission by the Court upon motion and notice. Confidential or Attorneys Eyes Only information shall not be disclosed unless and until the non-party witness has signed the UNDERTAKING attached as Exhibit A.

19. Confidential information does not include any document or information that is: (a) publicly known through no unauthorized act of such Party; (b) lawfully obtained by the Party other than through discovery of the Producing Party unless the party is already bound by an agreement not to disclose such information; or (c) advertising materials. Nothing in this Protective Order shall limit any Party's use of its own documents or shall prevent any Party from disclosing its own information to any person. Should a dispute arise as to any specific information or material, the burden shall be upon the Party claiming that such information or material is or was publicly known or was lawfully obtained other than through discovery of the Producing Party.

20.     Nothing herein shall prevent any Party from contending, during the progress of this litigation, that any or all material or information designated "Confidential" or "Attorney's Eyes Only" is not, in fact, confidential.  Grounds for such a contention may include that such designated Confidential or Attorney's Eyes Only information is or was publicly known at or prior to disclosure thereof in this litigation, that such designated Confidential or Attorney's Eyes Only information, after disclosure thereof, has become public knowledge as a result of lawful publication by an independent source who obtained the information lawfully, that such designated Confidential or Attorney's Eyes Only information was previously known by the Receiving Party, or that such designated Confidential or Attorney's Eyes Only information was later obtained in good faith by the Receiving Party from an independent source who obtained the information lawfully.  Any Party may request any Producing Party that designated information as Confidential or Attorney's Eyes Only information to remove that designation.  Such a request shall be in writing, stating the grounds therefor, and shall be served on counsel for the Producing Party who designated the information as Confidential or Attorney's Eyes Only information.  The requested change shall occur unless, within ten (10) calendar days after service of such notice, an objection for good cause is served on the Party requesting removal of the Confidential or Attorney's Eyes Only information designation.  That objection may thereafter be resolved by agreement or by the Court.  The Producing Party shall have the burden of establishing the need for maintaining the "Confidential" or "Attorney's Eyes Only" designation.

21.     Nothing in this Protective Order shall require a Party to challenge the propriety of any "Confidential" or "Attorney's Eyes Only" designation at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto.

22. Notwithstanding the parties' designation of "Confidential" or "Attorney's Eyes Only" documents, testimony or information, any Court hearing that refers to or describes "Confidential" or "Attorney's Eyes Only" documents, testimony or information may be held in open court with records unsealed, provided the Producing Party is afforded reasonable notice of the Receiving Party's intent to disclose such documents, testimony or information in open court, so that the confidentiality of such documents, testimony or information can be protected. However, any party may request or the Court may order that the portion of such proceeding where use thereof is to be made be held in camera with access thereto limited to Qualified Persons under this Protective Order. To the extent that the Court grants any such request, such Confidential or Attorney's Eyes Only information shall continue to be treated in accordance with the terms of this Protective Order.

23. (a) The inadvertent or unintentional failure by a Producing Party to designate specific documents or information as containing Confidential or Attorney's Eyes Only information shall not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality as to such documents or information. Upon notice of such failure to designate, all Receiving Parties shall cooperate to restore the confidentiality of the inadvertently disclosed documents or information, without prejudice.

(b) Per Fed. R. Civ. P. 26(b)(5), if a Producing Party produces any document or information that it believes is immune from discovery pursuant to any attorney-client privilege, attorney work product immunity or any other privilege or immunity from production, such production shall not be deemed a waiver, and the Producing Party may give written notice to all Receiving Parties that the document or information so produced is deemed privileged and that return of the document or information is requested. Upon receipt of such written notice, all Receiving Parties

12

shall immediately undertake to gather the original and all copies of the document or information and shall immediately return the original and all such copies to the Producing Party or certify in writing the destruction thereof.  Return of such documents or information to the Producing Party shall not preclude any Receiving Party from later moving to compel production of the returned documents or information.

24. Making documents or other information available for inspection shall not, by itself, constitute a waiver by the Producing Party of any claim of confidentiality, but delivery of documents and things to a Receiving Party without designating such as Confidential or Attorney's Eyes Only information shall not constitute a waiver of any claim of confidentiality if such inadvertence or mistake is thereafter brought to the attention of the Receiving Party promptly after discovery by the Producing Party.  Upon such notice, the Receiving Party shall, at the election of the Producing Party, re-mark the documents and things with the appropriate level of confidentiality or return said documents and things and not retain copies thereof for replacement by appropriately marked documents and things.  Any summaries or notes of the inadvertently produced documents or things shall be treated as Confidential or Attorney's Eyes Only information, as designated by the Producing Party.

25. The terms of this Protective Order shall be applicable to any third party that produces information that is designated by such third party or by a party hereto as Confidential or Attorney's Eyes Only information.

26. On final determination of this litigation, each Party and other person subject to the terms hereof shall, within sixty (60) calendar days, assemble and, at its option, destroy or return to the Producing Party all materials, documents and things constituting Confidential or Attorney's Eyes Only information, all copies, summaries and abstracts thereof and all other materials, memoranda or documents

constituting or containing Confidential or Attorney's Eyes Only information. If destroyed, such party or person shall certify to the Producing Party, within sixty (60) calendar days, the destruction of all such materials. Outside counsel for each Party may retain archive copies of pleadings, motion papers, written discovery responses, in addition to one set of documents produced by any Party or non-party and correspondence that include Confidential or Attorney's Eyes Only information.

27. This Protective Order shall survive the termination of this litigation.

28. Nothing in this Protective Order shall prevent any Party from applying to the Court for additional protection, for example, for particularly highly sensitive materials or information, such as technical, planning, manufacturing, marketing, and research and development materials and information relating to product development, that the Producing Party believes require such protection.

29. Nothing in this Protective Order shall be construed as a waiver by any Party of its right to object to the subject matter of any request for production of documents in this action, nor as a waiver by any other Party of the first Party's obligation to make proper response to discovery requests.

30. Nothing in this Protective Order shall be construed as a waiver by any Party of any objections that might be raised as to admissibility at trial of any evidentiary materials.

31. It is not the intent of the Parties, nor of the Court, that an attorney or law firm that acquires knowledge of, or is given access to, Confidential or Attorney's Eyes Only information pursuant to this Protective Order should thereby be disqualified from other representations adverse to the Producing Party solely because of such knowledge or access.

32. Any Party may, on motion for good cause shown, seek a modification of this Protective Order. No modification of this Protective Order that adversely affects the protection of any document produced or given by a non-party in this

14

case shall be made without giving to that non-party appropriate notice and opportunity to be heard by the Court.

35. Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of information designated under the terms of the Protective Order; provided however, that rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated.

IT IS SO ORDERED:

Dated: July 25, 2011

_____
MARC L. GOLDMAN
United States Magistrate Judge

# EXHIBIT A

I acknowledge that I have read, understand, and agree to the terms of this Protective Order. I agree that I shall be subject to the jurisdiction of the United States District Court for the Central District of California with respect to any issue arising out of this Protective Order.

_____     _____
Print Name                                                              Date

_____
Signature

X:\CLIENTB\081062\0271\A4186400.doc

CURIALE HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA